UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JUAREZ AGUIRRE,<br><br>        Petitioner,<br><br>    v.<br><br>CONNIE GIPSON,<br><br>        Respondent. | Case No.: 1:13-cv-01393-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

In this petition for writ of habeas corpus, Petitioner challenges a prison disciplinary proceeding. He claims there was insufficient evidence to support the guilty finding and that prison officials improperly failed to file a supplemental report. Because the Court finds the petition lacks merit, it recommends it be **DISMISSED**.

**PROCEDURAL HISTORY**

While in custody of the California Department of Corrections and Rehabilitation, prison officals charged Petitioner with violating prison rules and, following a disciplinary hearing, found him guilty of and sanctioned him with the loss of thirty days' credit. (Doc. 1, p. 22). After exhausting his administrative appeals, Petitioner filed a state habeas petition in the Superior Court for Kings County. (Id.). Petitioner contended that his guilty finding was not supported by sufficient evidence and that prison officials violated California Regulations by failing to file a supplemental report as required. The court denied this petition. (Doc. 10, Ex. 2).

Petitioner raised these same claims in a petition to the California Court of Appeal, Fifth Appellate District ("5th DCA"). (Exs. 3 & 4). The 5th DCA denied the petition. (Id.) Likewise, the California Supreme Court denied Petitioner state habeas petition that, once again, raised the same claims. (Ex. 5; Doc. 10, Exh. 6).

On August 30, 2013, Petitioner filed the instant petition, raising the two grounds for relief exhausted in state court habeas proceedings. (Doc. 1). Respondent's answer was filed on October 30, 2013. (Doc. 10). On December 2, 2013, Petitioner filed "objections," which the Court construes as a Traverse. (Doc. 11).

Respondent concedes all grounds for relief in the petition have been fully exhausted. (Doc. 10, p. 2).

**FACTUAL BACKGROUND**

The Court adopts the statement of facts in the Superior Court's decision:

> ….[O]n September 6, 2012, thirty-six members of the Mexican Mafia and Southern Hispanic inmates refused to relinquish their food trays, which delayed the delivery of the meal by two hours. [A witness] reported that she was advised by inmate Villareal that he was the representative of the Southern Hispanic inmates and that the inmates did intend to return the food trays, but were withholding them due [to] the housing of an inmate in their unit that was not a member of their gangs. After this conversation, the food trays were relinquished to staff.

(Doc. 1, p. 30).

The Rules Violation Report ("RVR") contained a list of those inmates participating in the demonstration, and Petitioner's name was on that list. (Doc. 10, Ex. 5). Also, at the hearing, three prison staff members testified that all of the listed inmates withheld their food tray. (Doc. 1, p. 23). Petitioner asked that three prison staff witnesses be called but eventually stipulated that, had they been called, they would have denied specifically seeing Petitioner withholding his tray. (Id., pp. 23-24). Based on the evidence that all of the Mexican Mafia and Southern Hispanic inmates participated in the demonstration, and that Petitioner was a member of one of those gangs, the hearing officer determined, by a preponderance of the evidence, that Petitioner was guilty of promoting gang activity. (Id., p. 24).

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to

the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of a disciplinary hearing conducted at California State Prison, Corcoran, California, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is governed by its provisions.

II.     Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless he can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams, 529 U.S. at 405-406. A state court decision involves an "unreasonable application" of clearly established federal law "if the state court applies [the Supreme Court's precedents] to the facts in an objectively unreasonable manner." Id., quoting Williams, 529 U.S. at 409-410; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*).

Consequently, a federal court may not grant habeas relief simply because the state court's

3

1  decision is incorrect or erroneous; the state court's decision must also be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 511 (2003) (citing Williams, 529 U.S. at 409). In Harrington v. Richter, 562 U.S. ___ , 131 S.Ct. 770 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. If fairminded jurists could so disagree, habeas relief is precluded. Richter, 131 S.Ct. at 786. As the United States Supreme Court has noted, AEDPA's standard of "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law" is "difficult to meet," because the purpose of AEDPA is to ensure that federal habeas relief functions as a "'guard against extreme malfunctions in the state criminal justice systems,'" and not as a means of error correction. Richter, 131 S.Ct. at 786, quoting Jackson v. Virginia, 443 U.S. 307, 332, 99 S.Ct. 2781, n. 5 (1979)(Stevens, J., concurring in judgment). The Supreme Court has "said time and again that 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Cullen v. Pinholster, 131 S.Ct. 1388, 1410-1411 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Richter, 131 S.Ct. at 787-788.

Moreover, federal "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1398 ("This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at the same time–i.e., the record before the state court.")

The second prong of federal habeas review involves the "unreasonable determination" clause of 28 U.S.C. § 2254(d)(2). This prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d at 637, citing Miller-El v. Cockrell, 537 U.S. 322 (2003). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. at 520; Jeffries v. Wood, 114

F.3d at 1500 (when reviewing a state court's factual determinations, a "responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment"). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Id. ; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), cert.denied, Maddox v. Taylor, 543 U.S. 1038 (2004).

The AEDPA also requires that considerable deference be given to a state court's factual findings. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El, 537 U.S. at 340. Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-077 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court decided the petitioner's claims on the merits but provided no reasoning for its decision, the federal habeas court conducts "an independent review of the record...to determine whether the state court [was objectively unreasonable] in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2002); see Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). Where the state court denied the petitioner's claims on procedural grounds or did not decide such claims on the merits, the deferential standard of the AEDPA do not apply and the federal court must review the petitioner's 's claims de novo. Pirtle v. Morgan, 313 F.3d at 1167.

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007)(holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

Some constitutional errors, however, do not require that the petitioner demonstrate prejudice.  See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984). Furthermore, where a habeas petition governed by the AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard.  Avila v. Galaza, 297 F.3d 911, 918 n. 7 (9th Cir. 2002); Musladin v. Lamarque, 555 F.3d 830, 835 (9th Cir. 2009).

### III.  Review of Petitioner's Claims.

The instant petition itself alleges the following as grounds for relief: (1) lack of sufficient evidence to find Petitioner guilty of a rules violation; and (2) failure of prison staff to follow prison regulations requiring the filing of a supplemental report.

A. Insufficient Evidence

Petitioner first contends that insufficient evidence was presented to establish that he committed a rules violation.  This contention is without merit.

1. The Superior Court Decision.

The Superior Court rejected Petitioner's insufficiency argument as follows:

> Petitioner was charged with withholding his food tray as part of the protest.  Petitioner contends that the sergeant was evasive in her answers as to the identity of the officer who witnessed petitioner withholding his food tray.  Petitioner contends such an accusation would require the officer to file a supplemental report.  Petitioner contends that without this supplemental report, he was found guilty of violation of California Code of Regulations, title 15, sections 3023 (promotion of gang activity) without due process.
>
> The decision of the hearing officer will be upheld provided there is some basis in fact for the decisions.  (In re Powell (1988) 45 Cal.3d 894, 904.)  This court need not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence.  Instead, the only relevant question for the court is whether there is any evidence in the record that could support the conclusion reached by the hearing officer.  (In re Rosenkrantz (2002) 29 Cal.4th 616, 665 quoting Superintendent v. Hill (1985) 472 U.S. 445, 455-456.)  Here, the guilty verdict is supported by the testimony of Correctional Officer Galvan.  He testified at the hearing that all the inmates listed (which list included petitioner) withheld their food trays.
>
> The petition for writ of habeas corpus is denied on the grounds that the guilty finding was supported by some evidence.

(Doc. 1, pp. 30-31).

2. Federal Standard.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

6

diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555, 94 S. Ct. 2963 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455, 105 S. Ct. 2768 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133–134, 44 S.Ct. 260, 260–261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (C.A.8 1974).

Superintendent v. Hill, 472 U.S. at 455–56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457.

3. Analysis.

California Code of Regulations, Title 15, Sec. 3023 provides that "Inmates and parolees shall not knowingly promote, further or assist any gang as defined in section 3000." Evidence presented at the hearing in the form of both written reports and testimony indicated that a large group of inmates, of

7

which Petitioner was a member, participated in the withholding of food trays to protest the removal of one of their gang members from their cell block. Petitioner did not present any contradicting evidence. Thus, the evidence established both that (1) Petitioner participated in the withholding of food trays and (2) the withholding of food trays was itself meant to highlight a prison action that the two gangs disagreed with.

Accordingly, the elements of section 3023 were met. Respondent correctly points out that the federal constitution does not require that the evidence preclude all conclusions except the one reached by the disciplinary board. Hill, 445 U.S. at 457. Based on this limited evidentiary record, the Court concludes that "some evidence" was presented supporting the contention that Petitioner participated in activities that promoted the Mexican Mafia and Southern Hispanic prison gangs.

B. Failure To Follow California Regulations

Next, Petitioner contends that his disciplinary conviction is invalid because prison staff failed to follow state regulations by filing a supplemental report. This contention, too, is without merit.

1. Federal Standard.

To the extent Petitioner contends the appellate court misinterpreted California law, such claim is not cognizable by way of § 2254. A determination of state law by a state appellate court is binding in a federal habeas action, Hicks v. Feiock, 485 U.S. 624, 629 (1988), Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989), unless the interpretation is an "obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11 (1975); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in de novo review). A federal court has no basis for disputing a state's interpretation of its own law. Clemons v. Mississippi, 494 U.S. 738, 739–740 (1990).

The mere "availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

///

2. Analysis.

Under the foregoing legal standard, Petitioner has failed to establish a federal constitutional violation; rather, his claim is grounded entirely in state law and is, therefore, not cognizable in these proceedings. Moreover, as Respondent correctly points out, Petitioner has never identified the specific regulation he alleges required the submission of a supplemental report by the officers involved in the incident.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977).

Petitioner's broad assertion of a constitutional violation does not transform this state claim into a federal one. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner.

Here, absent the identification of a specific state regulation the violation of which resulted in a clear and express violation of a federal constitutional right, Petitioner has failed to state a cognizable

9

federal constitutional claim with regard to the failure to file a supplemental report. Accordingly, this claim must be denied.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), be **DENIED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed **within 10 days** after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 30, 2015**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE